

JUDGE ENGELMAYER                    13 CV 8797

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL COLON,<br><br>      Plaintiff,<br><br>    v.<br><br>THE CITY OF NEW YORK, P.O. ORLANDO COLON (Shield #26399), P.O. ANTHONY ROMERO (Shield #001884), P.O. MICHAEL J. POMERANTZ (Shield #010568), and OFFICERS "JOHN/JANE DOE" #1 through #20, individually and in their official capacities, (the names "John/Jane Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>      Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Daniel Colon ("Plaintiff"), by his attorneys, Reese Richman LLP, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. ORLANDO COLON (Shield #26399), P.O. ANTHONY ROMERO (Shield #001884), P.O. MICHAEL J. POMERANTZ (Shield #010568), and OFFICERS "JOHN/JANE DOE" #1 through #20, individually and in their official capacities, (the names "John/Jane Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

1

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DANIEL COLON is a young minority male and was at all relevant times a resident of the borough of the Bronx in Bronx County, State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants P.O. ORLANDO COLON (Shield #26399), P.O. ANTHONY ROMERO (Shield #001884), P.O. MICHAEL J. POMERANTZ (Shield #010568), and OFFICERS

"JOHN/JANE DOE" #1 through #20, are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

11. This action stems from Plaintiff Daniel Colon's constitutional violations at the hands of the NYPD during the time beginning on or about July 2nd, 2011 to October 22, 2012. During this time Plaintiff was repeatedly subjected to excessive force as well as an unlawful arrest and prosecution which were undertaken without probable cause.

12. On or about July 2, 2011, at approximately 11:00 p.m. Plaintiff exited 1776 Weeks Avenue, in the Bronx, where he had lawfully entered and remained as a guest of a friend.

13. As Plaintiff exited the building, he was surrounded and stopped without reasonable suspicion that any crime was taking place by Defendants P.O. Orlando Colon, P.O. Anthony Romero, and P.O. Michael Pomerantz.

14. Defendant officers ordered Plaintiff to produce his identification. However, when Plaintiff reached into his pocket to retrieve his identification he punched in the face by Defendant P.O. Romero.

15. Plaintiff then had his face shoved into the brick wall of the building by Defendant P.O. Romero, who kept Plaintiff pinned to the building as he repeatedly and unjustifiably struck Plaintiff's head and body with his fist over and over again. During this time Defendants P.O. Colon and P.O. Pomerantz also struck Plaintiff in his and body with punches, kicks, and a radio transmitter.

16. At no time during his beating did Plaintiff resist arrest nor was he capable of defending himself despite being justified if he were to do so.

17. Next, Defendants briefly ceased assaulting Plaintiff and Defendant P.O. Romero instructed Plaintiff to turn around and face him. Plaintiff complied with the order only to receive more blows to the face and body that forced him to the ground. The assault continued for over a minute despite Plaintiff's pleas to stop.

18. Plaintiff's subjection to excessive force was witnessed by numerous individuals within the immediate vicinity.

19. Eventually, when Defendants ceased beating Plaintiff, Defendants unjustifiably searched Plaintiff with full knowledge that he had no weapons or dangerous instruments on his person.

20. Defendants found no contraband on Plaintiff's person. Nonetheless, Defendants handcuffed and arrested Plaintiff despite a lack of any legally cognizable reason.

21. Plaintiff was then escorted and thrown into an unmarked police vehicle driven by Defendant P.O. Pomerantz. After being thrown into the car, Plaintiff requested his slippers,

4

which had fallen off during his assault by Defendants. Upon hearing this request, Defendant P.O. Romero maliciously replied "Shut the f*** up fat a**!" -- a comment that made Plaintiff feel denigrated.

22. Next, Defendant P.O. Romero and P.O. Pomerantz transported Plaintiff to the NYPD 46th Precinct. During transport Plaintiff complained to P.O. Romero and Pomerantz that his handcuffs were too tight and hurting him. P.O. Romero then maliciously told Plaintiff to "Shut the f*** up before I punch you in the face." Plaintiff's handcuffs were never loosened.

23. At the Precinct, Defendant Desk Sergeant P.O. John Doe #1 confronted Plaintiff and asked if he indeed lived on Weeks Avenue. Plaintiff, disoriented from his beating, said that the address was on his identification. Defendant P.O. John Doe #1 then unjustifiably and excessively struck Plaintiff in the face with an open hand two times. Plaintiff was handcuffed at the time.

24. Defendants P.O. Romero and P.O. Pomerantz then escorted Mr. Colon to be strip-searched. Plaintiff, in his slippers, was taken into an unsanitary bathroom flooded with a half inch of water and ordered to disrobe. Plaintiff protested his treatment because the bathroom was flooded. However, Defendant P.O. Anthony Romero menacingly shook a canister of mace and stated "I don't care, I'm not the one getting undressed." Plaintiff complied with the order, but in doing so felt shocked, embarrassed, and humiliated.

25. During the search Defendant P.O. Romero inserted his finger into Plaintiff Daniel Colon's naval, and ordered him to turn around and bend over. Failing to find any contraband, Defendant P. O. Romero ordered Plaintiff to dress.

26. However, before Plaintiff could completely dress Defendant P.O. Colon entered the bathroom, and ordered Plaintiff to again disrobe. Plaintiff complied and again Defendants

inserted their finger in his naval, ordered him to turn around and ordered him to squat. Failing again to find any contraband, Defendant P.O. Romero ordered Plaintiff to dress.

27. Plaintiff put on his clothes, and immediately after doing so, was told a third time by Defendant P.O.s Colon and Romero to undress. The third strip-search was the longest of the three. Defendant P.O. Romero insisted on running his fingers through Plaintiff's buttocks, and when Plaintiff protested Defendant P.O. Romero again began to threateningly shake the mace canister. Plaintiff felt humiliated, distressed and denigrated throughout his strip searches.

28. Eventually, Plaintiff was escorted to his cell. While being escorted to his cell Plaintiff asked for water and medical treatment for the injuries he suffered during his beating. Defendant P.O. John Doe #1 responded by shouting at Plaintiff and denying him medical treatment. By this time, Plaintiff's face was severely swollen.

29. Defendants placed Plaintiff in a cell, where Plaintiff remained for approximately two (2) hours. During this time Plaintiff made numerous requests for water and medical care, all of which were denied. Instead, Defendants laughed and ridiculed Plaintiff despite the fact that Plaintiff's face was swollen, and his eye forced shut by his beating.

30. At 6:00 am on Sunday, July 3, 2011, Mr. Colon was transferred to Bronx Central Brooking ("Central Booking") to await arraignment. While Plaintiff was being processed at Central Booking, Defendant Officers issued legal process against Plaintiff in the form of a Criminal Complaint, despite lacking probable cause to believe that any charges against Plaintiff would succeed.

31. On or about July 4, 2011, at approximately 7 p.m. Plaintiff appeared in Bronx Criminal Court. At that time Plaintiff was arraigned under Docket No. 2011BX037307 on the basis of an accusatory instrument signed by Defendant P.O. Romero, which contained false

allegations including "[Plaintiff] flailed his arms and kicked his legs for approximately one minute in an attempt to prevent officers from placing him under arrest" and "[Plaintiff] stated in some and substance: I DO NOT LIVE HERE. I DO NOT KNOW ANYONE WHO LIVES HERE" in reference to 1776 Weeks Avenue. The accusatory instrument charged Plaintiff with several misdemeanors and a violation.[1]

32. Plaintiff was finally released after having spent approximately forty-four (46) hours in police custody, during which he was denied any medical attention, and had no access to a clean source of water.

33. Immediately upon his release, Mr. Colon went to the Montefiore Medical Center Emergency Room where he was treated for his injuries.

34. Thereafter, Plaintiff was required to spend defend the baseless charges against him in Bronx Criminal Court for approximately fifteen (15) months.

35. During this time, on June 14, 2012, Plaintiff was at or near 1772 Weeks Avenue, Bronx, New York, when he saw two (2) undercover police vehicles[2] standing empty in the street. Plaintiff recognized both vehicles as those used by the Defendant police officers involved in his assault and unlawful arrest on July 2, 2011.

36. Plaintiff used the camera on his cellphone to discreetly take pictures of the license plates of the vehicles. As he was so doing, he observed four (4) undercover police officers escorting an unknown handcuffed individual towards the police cars. Mr. Colon recognized two

---

1. Plaintiff was charged with violating P.L. 140.15(1) Criminal Trespass in the 2nd Degree, P.L. 205.30 Resisting Arrest, P.L. 140.10(a) Criminal Trespass in the 3rd Degree, and P.L. 1040.05 Trespass.

2. (1) Burgundy 2012 Ford Taurus (license plate no. FCN-2956); and (2) burgundy 2003 Chevy Impala (License plate no. CTZ 5026).

7

(2) of the officers as those involved in his assault on July 2, 2011, namely Defendants P.O. Colon and P.O. Anthony Romero.

37. Upon recognizing the officers, Mr. Colon, standing on the sidewalk—approximately twenty (20) feet from the vehicles—used his cellphone to capture a video recording of the officers escorting the apprehended individual. While Mr. Colon was recording, Defendant P.O. "John Doe" walked up to Mr. Colon, knocked the phone out of his hands, punched Mr. Colon in his right eye, and walked back to his vehicle.

38. All charges resulting from Plaintiff's July 2, 2014 arrest were disposed of in his favor on or about October 22, 2012.

39. As a result of the aforementioned violations of his civil rights, Plaintiff was subjected to humiliation, physical pain, injury and emotional distress from being beaten, slammed into a wall, forcefully handcuffed, arrested, searched and led away in full public view in front of his peers; confinement for many hours; and the stigma of being prosecuted for several misdemeanors and a violation, all of which resulted in damage to his self-esteem and reputation.

40. Additionally, Plaintiff was forced to incur expensive hospital treatment and to this day has problems with the vision in his right eye as a direct and proximate result of his constitutional injuries.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

41. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

42. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

43. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

47. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

50. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

51. As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

52. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

### THIRD CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

55. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

56. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the stop and frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

57. The criminal charges against Plaintiff were terminated in his favor.

58. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

59. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

60. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

61. The criminal charges against Plaintiff were terminated in his favor.

62. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

63. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

11

64. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

65. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

66. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal and improper stop and frisk by Defendants without any reasonable suspicion of criminality or other constitutionally required grounds. Moreover this stop, frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

67. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

68. As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

69. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF:
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

70. Plaintiff DANIEL COLON repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

71. Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

72. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

73. As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

### EIGHTH CLAIM FOR RELIEF: FAILURE TO INTERVENE

74. Plaintiff DANIEL COLON repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

75. Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## NINTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

78. Plaintiff DANIEL COLON repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

79. The degree of force Defendants used against Plaintiff as described herein was excessive, unreasonable, unwarranted, and without justification.

80. Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

81. As a result of Defendants' excessive force and brutality, Plaintiff Perry has, *inter alia*, endured substantial and continuous pain, experienced bruising and swelling of his head, wrists, body, and continues to suffer pain and discomfort.

82. All of the aforementioned acts of Defendants constituted excessive force in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

## TENTH CLAIM FOR RELIEF:
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983

83. Plaintiff DANIEL COLON repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

84. Plaintiff's interest in, *inter alia*, protesting constitutional violations of his person and of other persons, requesting reasons why he was being detained, and recording of police activity is protected by the First Amendment.

85. Defendants retaliated against Plaintiff's expression of protected speech by, *inter alia*, physically assaulting Plaintiff and falsely arresting against Plaintiff.

86. Defendants' retaliatory actions changed Plaintiff's behavior and resulted in chilling of his exercise of protected speech.

87. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to, *inter alia*, curtailment and suppression of his protected speech in violation of his constitutional rights.

## ELEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

88. Plaintiff DANIEL COLON repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

89. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

90. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

91. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages,

practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

92. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include discriminating against and detaining minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual particularized suspicion or other justification, detaining and prosecuting minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, stifling the exercise of protected speech, and arresting persons known to be innocent in order to meet "productivity goals".

93. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

94. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

95. Defendant CITY, as municipal policymaker in the training and supervision of Defendants THE CITY OF NEW YORK, P.O. ORLANDO COLON (Shield #26399), P.O. ANTHONY ROMERO (Shield #001884), P.O. MICHAEL J. POMERANTZ (Shield #010568), and OFFICERS "JOHN/JANE DOE" #1 through #20, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

96. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

97. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

98. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

99. All of the foregoing acts by Defendants deprived Plaintiff Daniel Colon of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from retaliation for exercising constitutionally protected speech;

    c. To be free from excessive force;

    d. To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

    e. To be free from infliction of emotional distress; and

    f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($2,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         December 11, 2013

                                          Respectfully submitted,

                                          _/s/ K.S._____
                                          Kim E. Richman, Esq.
                                          **REESE RICHMAN LLP**
                                          875 Avenue of the Americas, 18th Floor
                                          New York, NY 10001
                                          (212) 643-0500 (telephone)
                                          (212) 253-4272 (facsimile)

                                          *Attorney for Plaintiff*